UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY ROSS DEEGAN,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL E. CUEVA, et al.,<br><br>Defendants. | No. 2:23-cv-1130 DJC CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)

Plaintiff has submitted a second amended complaint. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Plaintiff, 71 years old, seeks damages and injunctive relief based on the presence of asbestos and black mold at the California Medical Facility (CMF) where plaintiff has been housed since 1994.

/////

1

With respect to plaintiff's claim for injunctive relief, the Eighth Amendment protects inmates from exposure to a substantial risk of serious physical harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). The court accepts plaintiff's representation that asbestos remains to some degree at CMF and that black mold exists as well. But plaintiff does not point to anything specific indicating that he has been subject to enough exposure and / or the type of exposure to amount to a violation of the Eighth Amendment. To state a claim for injunctive relief under the Eighth Amendment, plaintiff would have to provide details as to where he encounters black mold or asbestos and then show that the nature of the contact with either substance amounts to a substantial risk of serious harm.

Plaintiff also seeks damages against defendants Mathews and Carter. As for a claim for damages arising under the Eighth Amendment concerning past exposure, plaintiff would have to show injury resulting from a prison official's deliberate indifference to a substantial risk of serious harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 827 (1994). Plaintiff describes his injuries as incidents of "chest pain," "severe shortness of breath when exerting himself," "bleeding from his rectum," "night sweats," "joint pain," "stiffness," "C.O.P.D."[1] and "migraine headaches" along with chronic "physical exhaustion," "coughing," and "spitting up of a black tar like substance." However, plaintiff does not indicate when these symptoms occurred and/or in what proximity to any act by either Carter or Mathews, nor does he point to any other sufficient causal link between plaintiff's injuries and Carter's or Mathews' actions.

Also, as to the allegations against defendant Carter, plaintiff alleges only that Carter was an inmate working at the direction of Mathews, a Correctional Sgt. Even assuming Carter was working under color of state law as required by 42 U.S.C. § 1983, nothing suggests that he did anything other than follow directions given by Mathews, nor that he did anything suggesting he was at least deliberately indifferent to any substantial risk of serious harm that resulted in plaintiff being injured. In fact, plaintiff refers to Carter as "ignorant," "untrained," and a "feebleminded buffoon." (ECF No. 1 at 4),

---

[1] Chronic Obstructive Pulmonary Disease.

1    As for defendant Mathews, plaintiff fails to point to anything specifically suggesting he
2  did anything that resulted in plaintiff being injured.
3    For these reasons, plaintiff second amended complaint must be dismissed. The court will
4  however allow plaintiff one opportunity, in a third amended complaint, to cure the deficiencies in
5  his pleadings. Any third amended complaint cannot exceed 20 pages.
6    Also, plaintiff is informed that the court cannot refer to a prior pleading in order to make
7  plaintiff's third amended complaint complete. Local Rule 220 requires that any amended
8  complaint be complete without reference to any prior pleading.
9    In accordance with the above, IT IS HEREBY ORDERED that:
10    1. Plaintiff's second amended complaint is dismissed.
11    2. Plaintiff is granted thirty days from the date of service of this order to file a third
12  amended complaint that complies with the requirements of this order, the Civil Rights Act, the
13  Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint
14  must bear the docket number assigned this case and must be labeled "Third Amended
15  Complaint." Failure to file a third amended complaint in accordance with this order will result in
16  a recommendation that this action be dismissed.
17  Dated: February 9, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
deeg1130.14

3